UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00113-MOC

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BILTMORE INVESTMENTS, LTD., | ) | ORDER |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| BILTMORE INVESTMENTS, LTD., | ) | |
| | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TD BANK, N.A., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| UNITED STATES BANKRUPTCY ADMINISTRATOR, | ) | |
| | ) | |
| | ) | |
| Appellees. | ) | |

**THIS MATTER** is before the court on Appellant Biltmore Investments, Ltd.'s ("Biltmore") Motion for Leave to Appeal (#14), and Appellee TD Bank, N.A.'s ("Bank") Motion to Dismiss for Lack of Jurisdiction (#2). Both matters have been fully briefed by the parties and the Office of the U.S. Bankruptcy Administrator, and are ripe for review. The court notes that the briefs for both motions largely discuss the same facts and issues of law, centering on the question of whether this court may properly consider and adjudicate an appeal of the nature described herein.

## I. PROCEDURAL HISTORY

Appellant seeks to appeal two Orders of the Bankruptcy Court: 1) the April 15, 2015 "Interim Order Denying Motion for Approval of Fee" (Bankr. Doc. No. 251); and 2) the June 3, 2015 "Amended Order Denying Motion for Reconsideration, Alter and/or Amend Order Denying Motion for Approval of Fee Filed by Biltmore Investments, Ltd., Tufts Law Firm, PLLC and T. Scott Tufts" (Bankr. Doc. No. 279) (together, the "Bankruptcy Disgorgement Orders"). A review of the Bankruptcy record in this matter reveals the following relevant procedural history.

Biltmore filed its Petition in Bankruptcy Court on January 26, 2011 and is operating under a plan confirmed on April 2, 2013 (Bankr. Doc No. 133). The bankruptcy case remains open. Biltmore filed an Application and Affidavit to Employ Attorney on January 28, 2011 to employ Edward C. Hay Jr., Esq. ("Attorney Hay") as counsel for all affairs in the bankruptcy base case, which the Bankruptcy Court granted on February 2, 2011. On April 6, 2011, Biltmore, through attorney Thomas Scott Tufts, Esq. ("Attorney Tufts") filed a limited Application to Employ Attorney and accompanying Affidavit "as special counsel to litigate two adversary proceedings involving debtor/debtor in possession stemming from shares of Serefex Corporation claimed to be due and owing to debtor/debtor-in possession." (Bankr. Doc. No. 31) at ¶ 1.

On January 24, 2014, Biltmore entered into a Settlement in that adversary proceeding which required payment of $1,300,000 to Biltmore within 30 days. On February 25, 2014, the Court entered an Order (Bankr. Doc. No. 171) approving the Motion to Approve Settlement and Attorneys' Fees (Bankr. Doc. No. 160). According to the Debtor's Motion, its attorneys were entitled to be paid a contingent fee equal to one-third of the settlement funds. The attorneys,

including Attorney Tufts, were paid. Thus, the Bankruptcy Court approved Attorney Tufts' employment in the Adversary Proceeding through its approval of the Motion to Approve Settlement and Attorney Fees.

On January 21, 2015, Biltmore filed its Motion for Approval of Fee (Bankr. Doc. No. 224-1), which is the subject of this appeal. That motion sought costs and expenses incurred by Attorney Tufts from the time period of February 25, 2014 through January 12, 2015, which amounted to $64,632.73 in fees and $137.98 in expenses, for a total of $64,770.71. Id. Those fees and expenses sought by Attorney Tufts were separate from the fees awarded pursuant to the Bankruptcy Court's Order approving the terms of the Settlement Agreement and the contingent fee award. Notably, as of April 15, 2015 (the date of the first Bankruptcy Disgorgement Order), Biltmore had not filed any other application with the Court to employ Attorney Tufts as counsel in the base bankruptcy case or in any capacity other than as special counsel in the two adversary proceedings. After briefing and a hearing on the matter, the Bankruptcy Court held that Attorney Tufts had violated both his requirement to seek approval for his employment under Section 327 of the Bankruptcy Code[1] and his duty to disclose compensation paid to him under Section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b)[2]. (Bankr. Doc. No. 251, Decretal ¶ 3). The

---

1 Attorneys must seek prior court approval before they can be employed on behalf of the bankruptcy estate. 11 U.S.C. §327(a); Fed. R. Bankr.P.2014(a) (detailing the requirements of employment applications under §327). This requirement is mandatory. See Lamie v. U.S., 540 U.S. 526, 534 (2004) ("A debtor's attorney not engaged as provided by §327 is simply not included within the class of persons eligible for compensation [under Code Section 330(a)]"). Denial of requested compensation and disgorgement of any money received is an appropriate remedy for noncompliance with §327. In re Land, 943 F.2d 1265, 1267–68 (10th Cir. 1991).

2 Section 329(a) provides that "any attorney representing a debtor ... in connection with" the debtor's bankruptcy case must file with the "court a statement of compensation paid" if such payment was made after one year prior to the filing of the bankruptcy petition. Section 329(a) disclosure requirements are mandatory and require forthright disclosure of the precise nature of the fee arrangement. Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park–Helena Corp.), 63 F.3d 877, 881 (9th Cir.1995). The disclosure statement must be filed regardless of the source of compensation or whether the attorney applies for compensation. Fed. R. Bankr. P. 2016(b); In re Engel, 124 F.3d 567, 571 (3d Cir. 1997).

Bankruptcy Court ordered Attorney Tufts to disgorge all fees and expenses received from the Debtor and to file a disclosure statement under Bankruptcy Rule 2016(b). (Bankr. Docket No. 251, Decretal ¶ 5, 7). The Bankruptcy Court also specifically stated that it was denying the Motion for Approval of Fees on an interim basis and that Biltmore may file a new application for nunc pro tunc retention and approval of fees upon the completion of the plan. Id. at ¶ 4, 8.

After entry of that April 15, 2015 Order, Biltmore moved for reconsideration (Bankr. Doc. No. 259), which the Bankruptcy Court denied (Bankr. Doc. No. 279). Biltmore now seeks to appeal both of those Orders. By its Motion, Appellant states that the questions to be heard on appeal are whether the Bankruptcy Court had jurisdiction to issue the Disgorgement Orders and whether the due process rights of Biltmore and its special counsel were violated. See App. Mot. Leave to Appeal (#14-1) at p. 5. In terms of relief sought, Appellant asks this court to vacate the Bankruptcy Disgorgement Orders. In the alternative, Appellant asks the court to evaluate testimony before the Bankruptcy Court given by Appellant's President three months after the entry of the first Disgorgement Order, and to determine the rules for fee approval in the post-confirmation setting under the plan language at issue here. See id. at p. 5-6.

**II.     DISCUSSION**

The court first addresses the applicable legal authority governing bankruptcy appeals. 28 U.S.C. § 158(a) provides, in pertinent part:

The district courts of the United States shall have jurisdiction to hear appeals:

    (1) from final judgments, orders, and decrees;

    …

    (3) with leave of the court, from other interlocutory orders and decrees.

Id. An order is "final" if it "resolve[s] the litigation, decide[s] the merits, settle[s] liability, establish[es] damages, or determine[s] the rights of ... one of the parties." In re Looney, 823 F.2d 788, 790 (4th Cir. 1987).

Appellant appears to approach this appeal with two tactics: first, to argue that the appeal is final, as opposed to interlocutory, and second, that if the court construes the appeal as interlocutory, that this matter is appropriate for leave from the court because questions of law exist as to which there is no controlling authority in the Fourth Circuit. See App. Resp. Opp. Mot. Dismiss (#13-1) at p. 3.

The court first finds that the Orders that Appellant seeks to appeal, which concern court approval of a fee to counsel for Appellant, are interlocutory in nature. See In re Computer Learning Centers, Inc., 407 F.3d 656, 660 (4th Cir. 2005) ("'an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order not subject to review in [the court of appeals].' The interim fee order becomes final only 'when it is no longer subject to modification by the bankruptcy court.'") (quoting In re Boddy, 950 F.2d 334, 336 (6th Cir. 1991)) (emphasis in original). Significantly for the purposes of this appeal, the Bankruptcy Court stated in the first Disgorgement Order: "[t]he Court has denied Debtor's Motion on an interim basis. The Debtor may, in its discretion, file a new application for nunc pro tunc retention and approval of fees upon the completion of the Plan." (Bankr. Doc. No. 251, ¶ 54.) The Bankruptcy Court continued: "If the Debtor does file a Motion at that time, the Court will consider Debtor's performance under its Plan as a factor in ruling on the Motion. The Court will also consider, after notice and hearing, any responses or objections filed by the creditors or the Bankruptcy Administrator, including whether Attorney Tufts is a 'disinterested'

person with 'no adverse interest' entitled to be employed by the Debtor, whether extraordinary circumstances exist for <u>nunc pro tunc</u> retention, whether the services performed by Attorney Tufts were actual and necessary, whether they benefitted the Debtor's estate, and whether the compensation requested is reasonable." (Bankr. Doc. No. 251, ¶ 55). Because the Disgorgement Orders are clearly subject to modification by the Bankruptcy Court, they are not final.

Appellant argues that the disgorgement orders have the practical effect of a final order under a "pragmatic application of the rules," <u>see</u> Appellant's Resp. to Mot. Dismiss for Lack of Juris. (#13-1) at p. 9, in that the "threat of disgorgement" as against Attorney Tufts "has left Biltmore and other creditors essentially defenseless against the Bank and its efforts to destroy what this Court found to be a legitimate reorganization plan." See <u>id.</u> at p. 2. Appellant characterizes the Bankruptcy Court's Order as a "punitive disgorgement penalty assessed only against its special counsel" that is "cutting into the ability of Biltmore to defend itself." <u>See</u> (#13-1) at p. 3, 4. Biltmore fails to explain, however, exactly how the Orders are "final" in application when they were specifically classified by the Bankruptcy Court as interim orders and when the Bankruptcy Court specifically told Biltmore that it could file a new application for <u>nunc pro tunc</u> retention and approval of fees upon the completion of the plan. The court finds that, as explicitly stated by the Bankruptcy Court, the Orders at issue in this appeal were intentionally entered on an interim basis and are thus interlocutory in nature.

The court next addresses the applicable standards for interlocutory appeals. When seeking leave to appeal an interlocutory order, "the appellant must demonstrate that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." <u>In re Robinson</u>, No. 1:10CV226, 2011 WL 1695914, at *3

(W.D.N.C. May 3, 2011) (quoting KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D.Va. 2000)). District courts employ an analysis similar to that employed by the Court of Appeals in certifying interlocutory review when deciding whether to grant leave to appeal an interlocutory order of the Bankruptcy Court. See Atlantic Textile Group, Inc. v. Neal, 191 B.R. 652, 653 (E.D.Va. 1996). Leave to appeal an interlocutory order should be granted only when (1) the appeal involves a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) and an immediate appeal would materially advance the termination of the litigation. See 28 U.S.C. § 1292(b); In re Robinson, 2011 WL 1695914, at *3; In re Pawlak, 520 B.R. 177, 182 (D. Md. 2014). All three elements must be satisfied in order for a district court to grant leave to appeal an interlocutory decision. KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 79 (E.D. Va. 2000). The court will address each factor in turn.

As to the first factor, "[a]n order involves a controlling question of law when either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." In re Rood, 426 B.R. 538, 548 (D. Md. 2010) (citation omitted). See also In re Charlotte Commercial Grp., Inc., No. 01-52684C-11W, 2003 WL 1790882, at *2 (M.D.N.C. Mar. 13, 2003) ("The Fourth Circuit has defined a controlling question of law to be one that presents a 'narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.'") (quoting Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989) (Table)). Here, the issues presented by Appellant's Motion for Leave to Appeal do not present narrow questions of pure law that would either terminate the

action or materially affect the outcome of the litigation. They involve questions regarding the Bankruptcy Court's ability to approve fee applications for attorneys.

Appellant argues that this appeal involves a controlling question of law as to which there is substantial ground for a difference of opinion because there is no controlling law in the Fourth Circuit as to the issuance of a disgorgement order against special counsel during the post-confirmation period for a plan that does not expressly require fee applications and approvals. In support of this argument, Appellant extensively cites to In re East Hill Mfg. Corp., No. 97-11884, 2001 WL 34808428, at *5 (Bankr. D. Vt. Jan. 25, 2001), wherein the U.S. Bankruptcy Court for the District of Vermont declined to disgorge fees in the post-confirmation setting where an attorney, who had been "properly appointed pursuant to 11 U.S.C. § 327(a)," see id. at *1, failed to file the required fee application for post-confirmation fees before accepting payment from the debtor. See id. at *3. The court in In re: East Hill found that the applicant attorney, who had acted based on his understanding of the law and local practice, "provided a satisfactory explanation for his failure to file the required fee application prior to accepting payment from the Debtor and that it would be unjust to sanction the Applicant for his misapprehension of appropriate procedure." Id. at *3, 7. While In re: East Hill is somewhat analogous to this case, the court notes several distinguishing facts here. Most significantly, unlike the attorney in In re: East Hill, Attorney Tufts was never appointed by the Bankruptcy Court in any capacity other than special counsel in an adversary proceeding. Furthermore, whereas the court in In re: East Hill found that the attorney applicant had offered the Bankruptcy Court a valid reason for not filing the fee application, the Bankruptcy Court here found that Attorney Tufts had offered no compelling reason as to why he had failed to comply with the Bankruptcy Rules and Code in

seeking approval from the court for legal services that went far beyond the scope of the adversary proceedings.³ See (Bankr. Doc. No. 251 at ¶¶ 32-34). Additionally, the decision in In re: East Hill reaffirms the Bankruptcy Court's chosen course of action here, which is to revisit the matter of the fee application upon completion of the plan. The court in In re: East Hill noted:

> it should be emphasized that orders approving interim fee requests are interlocutory and remain subject to review by this court at any time during the proceeding and appropriate adjustments may be made at a later date, including a direction that an applicant return part or all prior allowed compensation....The final post-confirmation compensation request by Applicant will be determined at the conclusion of the case when I can undertake a thorough analysis of the factors enumerated in the statute, and the relevant case law, including the results ultimately obtained in the Charter One Bank litigation and appeal. At that time, I will consider appropriate objections and adjustments, based upon all of the facts and circumstances of the case.

Id. (internal citations omitted). Similarly, here the Bankruptcy Court did not enter a final ruling on the fee application at issue, but stated that it would deny the application on an interim basis and entertain arguments from the Debtor regarding a nunc pro tunc retention and fee approval

---

3 The court also explained in In re: East Hill:

> I find that it is credible that the Applicant might have been confused about which services could not be compensated without prior court approval, under the circumstances.

…

> This case raises the very difficult issue of whether to penalize a professional who failed to comply with important procedural requirements even though he ultimately did the right thing. I firmly believe that it is critical for professionals retained in bankruptcy cases to provide all the disclosures required by the Bankruptcy Code and Rules in a complete and timely fashion and to fulfill all requirements set forth in the U.S. Trustee Guidelines. However, I am also acutely aware of the unusual difficulties imposed upon the fine attorneys of this District who have practiced under four bankruptcy judges during the year prior to my appointment. In particular, I must acknowledge that each of these excellent judges had different styles and sometimes conflicting perspectives on how to enforce the various provisions of the Bankruptcy Code, the Bankruptcy Rules and the U.S. Trustee's Guidelines. These circumstances cannot be ignored. Since the issue presented herein has not previously arisen before me, since this is a court of equity, and since the Applicant has acted in good faith, I find that on balance it would be unfair to penalize the Applicant here for his failure to adhere to the procedural requirements I find to be applicable.

Id. at *5.

upon the completion of the plan. Thus, the court finds that while in In re: East Hill in some ways presents facts analogous to this case, it does nothing to support Appellant's contention as to the existence of a controlling question of law as to which there is substantial ground for a difference of opinion. If anything, it supports a finding that leave to appeal should not be granted in this court at this time.

Appellant also cites to In re Land, No. 13-11309, 2014 WL 7330481 (Bankr. M.D.N.C. Dec. 18, 2014) for the proposition that the Disgorgement Orders involve a controlling decision of law as to which there is a substantial ground for a difference of opinion. The court in that case stated:

> It should be noted that there is some question as to whether the Debtors actually need the Court's approval to hire special counsel under 11 U.S.C. § 327 after a Plan has been confirmed. See, e.g., Schroeder v. United States (In re Van Dyke), 275 B.R. 854, 861 (Bankr. C.D.Ill. 2002) ("As a general rule, upon confirmation of a Chapter 11 plan of reorganization, the restructured entity no longer operates under the protection of the bankruptcy court, but stands on its own feet, free to conduct its business without supervision or approval."); In re Tri–L Corp., 65 B.R. 774, 777–78 (Bankr. D. Utah 1986) ("When the plan of reorganization was confirmed and property of the estate vested in the reorganized debtor, the reorganized debtor was free to employ attorneys and other professional persons without obtaining authority from the bankruptcy court to do so.").

Id. at *2. The court finds that, without more, this dicta falls short of presenting a controlling question of law as to which there is a substantial ground for difference of opinion. See In re Robinson, 2011 WL 1695914, at *3; KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 82 (E.D. Va. 2000) ("an interlocutory appeal will lie only if a difference of opinion exists between courts on a given controlling question of law, creating the need for an interlocutory appeal to resolve the split or clarify the law….'Counsel's disagreement with the Court is simply not reason enough to grant an interlocutory appeal.'") (internal citation omitted) (emphasis in original).

As to the third factor, the court finds that Appellant has failed to show that immediate review would materially advance the termination of the litigation. To that effect, Appellant argues that the district court review of the Disgorgement Orders "would materially advance the progress of the case in which appeal is taken, when the underlying Chapter 11 Plan and the discretion afforded therein to Debtor is in question, as is the selective application of the 300 series rules, and resolution of this issue would assist the Bankruptcy court moving forward." Appellant's Mot. Leave to Appeal (#14-1) at p. 6. Without more legal or factual support, the court finds such statement to merely be a bare assertion which does nothing to explain how a decision from this court would materially advance the termination of the litigation. Moreover, review of the record of the proceedings in the Bankruptcy Court does not indicate that immediate review of the fee application issue would materially advance the litigation. "To the contrary, 'to permit [Appellant] to challenge, piecemeal, every adverse determination of the bankruptcy court en route to a final disposition of the matter would unnecessarily prolong the litigation .'" In re Charlotte Commercial Grp., Inc., No. 01-52684C-11W, 2003 WL 1790882, at *3 (M.D.N.C. Mar. 13, 2003) (quoting Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 654 (E.D. Va. 1996)).

In sum, the court finds that Biltmore has failed to demonstrate exceptional circumstances that would justify granting leave to appeal in this court at this time. See In re Robinson, 2011 WL 1695914, at *3; KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc., 250 B.R. 74, 83 (E.D. Va. 2000). Once the Bankruptcy Court enters a final order in this matter, Appellant may again seek to appeal this matter to this court.

### III. CONCLUSION

For the reasons explained herein, the court finds that the Orders which Appellant seeks to appeal are interlocutory in nature and that Appellant has failed to show that review by this court is appropriate at this time. The court therefore enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Appellant Biltmore Investments, Ltd.'s Motion for Leave to Appeal (#14) is **DENIED** and Appellee TD Bank, N.A.'s Motion to Dismiss for Lack of Jurisdiction (#2) is **DENIED AS MOOT**, and this action is **DISMISSED**.

Signed: September 22, 2015

Max O. Cogburn Jr
United States District Judge